O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J. L. HOWZE, | ) | CASE NO. CV 08-06547 SVW (RZ) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| SERGEANT SANDERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The *pro se* and *in forma pauperis* Plaintiff, J. L. Howze, is an state inmate housed at Lancaster, although this action is based on alleged events at another state prison facility in San Luis Obispo. In this civil rights action, Plaintiff asserts that a prison sergeant (1) housed him in a filthy and otherwise inadequate cell, (2) denied his requests for a Bible or daily visits from a Christian chaplain, and (3) efused to give him any forms whereby Plaintiff could challenge the first two alleged deprivations administratively. Because of flaws in the complaint as discussed below, the Court will dismiss it. Because those flaws may be correctable, however, Plaintiff shall have leave to file an amended complaint, also as discussed below.

///

///

///

# I.

## COURT'S OBLIGATION TO SCREEN *IN FORMA PAUPERIS* CASES

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A "complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"; otherwise, it is subject to dismissal for failure to state a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (repudiating prior rule whereby a "complaint may be dismissed for failure to state a claim [only] where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (*quoting Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1141, 1155 (9th Cir. 1989) (emphasis in original). A *pro se* civil rights complaint must be construed liberally, *see Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), and generally the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the Complaint could not be cured by amendment." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980) (*per curiam*). A dismissal with leave to amend is a non-dispositive matter within the purview of a Magistrate Judge. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

///
///
///
///

## II.

## FAILURE TO LIST ALL DEFENDANTS IN CAPTION

The complaint's caption must list all defendants. FED. R. CIV. P. 10(a); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (affirming dismissal of *pro se* civil-rights plaintiff's complaint as sanction for plaintiff's failure to amend it to replace "et al.," in caption's list of defendants, with actual names of all additional defendants). Here, Plaintiff's caption lists only "Sergeant Sanders, et al.," but he also sues the Warden, John Marshall. *Compare* Comp. at 1 *with id.* at 3.

## III.

## IMMUNITY OF STATE DEFENDANTS SUED
## IN OFFICIAL CAPACITY FOR DAMAGES

As noted above, the Court must dismiss any *in forma pauperis* action that seeks damages from immune defendants. 28 U.S.C. § 1915(e)(2)(B)(3). One source of immunity is the Eleventh Amendment, which provides that the federal judiciary power "shall not be construed to extend to any suit in law or equity, commenced against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has held that the Amendment bars suits brought against a state by that state's own citizens. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Suits against state officials in their *official* capacity are tantamount to actions against the state itself, *see Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), and federal courts thus lack jurisdiction to entertain such suits. *Id*.

Here, Plaintiff seeks monetary damages from both state-employee defendants, whom Plaintiff sues not only in their individual capacity – a claim which this Court *can* entertain – but also in their *official* capacity. The Court lacks jurisdiction over claims seeking money – as opposed to other forms of relief – from state employees sued in their official capacity.

## IV.

## NO VICARIOUS LIABILITY IN CIVIL RIGHTS ACTIONS

Prisoner-plaintiffs alleging civil rights violations by prison guards or medical personnel often add their prisons' wardens as defendants. But such supervisory officials are not liable vicariously for a constitutional deprivation committed by their subordinates, unless (1) the supervisor personally participated in the deprivation or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers v. Gomez*, 267 F.3d 895, 915-16 (9th Cir. 2001). Plaintiff plainly runs afoul of this rule, for he expressly grounds Warden Marshall's liability for Sergeant Sanders's alleged deprivations upon "the doctrine of *respondeat superior*." Comp. ¶ 15.

## V.

## CONCLUSION

Based on the foregoing, the Complaint hereby is DISMISSED, and leave to amend is granted. More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3)     **Plaintiff may do nothing** in response to this Order.  If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order.  *See id*.

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED:     October 14, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 5 -